UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE JOSEPH JASON, **Plaintiff** | CIVIL ACTION |
| VERSUS | NO. 19-13800 |
| SEAN LEBLANC, ET AL., **Defendants** | SECTION: "E" (3) |

## ORDER AND REASONS

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court hereby recuses itself from this matter pursuant to 28 U.S.C. § 455. The Clerk of Court is instructed to reallot this matter to another Section of this Court.

## BACKGROUND

On December 11, 2019, Plaintiff Clarence Jason filed this action against Defendants Sean Leblanc, James Fyfe, Lester Arnauld, Carey Jordan, Ryan Rousseve, and the New Orleans Police Department.[1] Plaintiff alleges, *inter alia*, a number of federal civil rights violations against New Orleans Police officers as well as against the New Orleans Police Department itself.[2] The case was allotted to the undersigned judge, who now recuses herself from this matter pursuant to 28 U.S.C. § 455 for the reasons set forth below.

## LEGAL STANDARD

Title 28, section 455, requires the disqualification of a judge in any proceeding in which his or her impartiality might reasonably be questioned, as well as when he or she has a personal bias or prejudice against a party.[3] Section 455(a) states, in pertinent part,

---

[1] *See* R. Doc. 1.
[2] R. Doc. 1 at 6-12.
[3] *See* 28 U.S.C. §§ 144, 455.

1

that a judge should recuse himself or herself "in any proceeding in which his [or her] impartiality might reasonably be questioned."[4] "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality."[5] Moreover, "the purpose of § 455(a), and the principle of recusal itself, is not just to prevent *actual* partiality, but to avoid the appearance of partiality."[6]

## **DISCUSSION**

The undersigned oversees the implementation of the Consent Decree between the United States of America and the City of New Orleans for the reform of the New Orleans Police Department (the "Consent Decree").[7] Recognizing that section 455(a) claims must be analyzed in light of the particular facts at hand, the Court finds the impartiality of the undersigned *could* reasonably be questioned by a well-informed, thoughtful, and objective observer in a case against the City of New Orleans alleging misconduct of its police department. The Consent Decree covers a broad array of issues including recruitment and training, performance evaluations and promotions, misconduct and discipline. It calls for new departmental policies governing the use of force, searches and seizures, arrests, interrogation, lineups and more. The Court holds regular status conferences and hearings with officials of the City of New Orleans and the New Orleans Police Department to discuss matters governed by the Consent Decree, including the type of wrongdoing alleged in this case.

---

[4] 28 U.S.C. § 455(a).
[5] *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir. 1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir. 1995)).
[6] *Republic of Panama v. American Tobacco Co. Inc.*, 217 F.3d 343, 346 (5th Cir. 2000) (quoting *Jordan*, 49 F.3d at 155).
[7] *United States v. New Orleans City*, No. 12-1924 (E.D. La.).

The undersigned is responsible for ensuring that the New Orleans Police Department achieves the reforms set forth in the Consent Decree, a task that mandates knowledge of and familiarity with the New Orleans Police Department and its operations. Although the Court has no bias or prejudice in favor of or against the New Orleans Police Department, the present matter involves allegations of misconduct against the police department. In light of the undersigned's role as overseer of the Consent Decree, recusal is appropriate under Section 455(a) to avoid even the appearance of impropriety.

## **CONCLUSION**

For the reasons stated above, the undersigned hereby recuses herself from this matter pursuant to 28 U.S.C. § 455. Accordingly, **IT IS ORDERED** that the Clerk of Court reallot this matter to another Section of this Court.

**New Orleans, Louisiana, this 17th day of December, 2019.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

12/18/19

REALLOTTED TO
**SECT. F**