```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


CLARENCE JOSEPH JASON                              CIVIL ACTION

v.                                                 NO. 19-13800

SEAN LEBLANC, DET., ET AL.                         SECTION "F"
```

## ORDER AND REASONS

Before the Court is the defendants' motion to stay civil proceedings until disposition of related criminal prosecution. For the reasons that follow, the motion is GRANTED.

**Background**

This federal civil rights case arises from allegations that New Orleans Police Department detectives forcibly breached and searched the plaintiff's apartment without a warrant, falsely arrested him, and planted crack cocaine in a pocket of his pajamas.

The Court assumes familiarity with its August 24, 2020 Order and Reasons. Clarence Jason, proceeding *pro so* and *in forma pauperis*, is currently incarcerated at Orleans Justice Center (formerly, Orleans Parish Prison). He filed this federal civil rights lawsuit against the New Orleans Police Department as well as certain individual NOPD police officers and detectives in their

individual and official capacities. He demands a jury trial and $5 million in damages.

In this lawsuit, Mr. Jason alleges that, on June 13, 2018, he was wrongfully arrested, his apartment was unlawfully searched, and that the NOPD Officers planted drugs on him. Following this incident, Mr. Jason was charged in Orleans Parish Criminal District Court with: possession of a firearm or carrying a concealed weapon by a person convicted of a felony; illegal carrying of weapons with a controlled dangerous substance; intent to distribute crack cocaine; illegal possession of stolen firearms; introducing contraband into a state correctional institution; and possession of drug paraphernalia. These charges remain pending. And Mr. Jason remains detained pending his trial.

In late 2019, Jason sued NOPD detectives Sean Leblanc, James Fyfe, Lester Arnauld, Carey Jordan as well as Special Operations Division Officer Ryan Rousseve, and the New Orlenas Police Department, Fourth District. Mr. Jason alleges that the police officers deliberately falsified the police report of events at the jail and intake to conceal that they illegally planted 17.60 grams of crack cocaine on his person. Mr. Jason alleges that the police officers' misconduct in planting drugs, falsifying a police report, tampering with evidence, and falsely arresting him

2

violates the Fourth Amendment.[1] Upon transfer from another Section of Court, the case was assigned to the magistrate judge. Jason requested appointment of counsel; finding no exceptional circumstances, the request was denied. The defendants filed an answer invoking qualified immunity and advancing various defenses. When one of the parties refused to consent to proceed before the magistrate judge, the case was restored to this Court's docket. Mr. Jason (again) requested appointment of counsel, which was denied. See Order and Reasons dtd. 8/24/20. In denying the request, the Court ordered briefing concerning whether a stay of this civil litigation is warranted pending the disposition of the criminal proceedings underway against Mr. Jason. The defendants now move to stay the case.

I.

A civil plaintiff who is also a criminal defendant has both a Fifth Amendment right to silence and a due process right to a judicial determination of her civil action. Wehling v. Columbia Broadcasting Sys., 608 F.2d 1084, 1087-88 (5th Cir. 1979). Where an arrestee brings a civil rights lawsuit challenging the validity of the conduct of state actors relating to his arrest, courts "may

---

[1] Mr. Jason also alleges that police body-camera recording evidence was altered and he "seek[s] to obtain expert-examination of the 'thumb-drive' evidence given to defense in criminal prosecution in state court."

3

-- and indeed should -- stay proceedings in ... section 1983 case[s] until the pending criminal case has run its course[.]" See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). To inform its discretion to stay civil proceedings pending resolution of criminal proceedings, it may be helpful to consider certain factors:

> 1) the extent to which the issues in the criminal and civil cases overlap;
>
> 2) the status of the case, including whether the defendant has been indicted;
>
> 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; and
>
> 4) the private interest of and burden on the defendant;
>
> 5) the interest of the court and the public interest.

See Lodge v. Boyd, No. 11-1257, 2011 WL 4727863, at *2 (E.D. La. Oct. 6, 2011)(citation omitted). These factors support a stay of this civil litigation.

The defendants move to stay this matter pending the disposition of the ongoing state criminal proceeding pending in Orleans Parish Criminal District Court. Mr. Jason does not object to a stay of this civil matter pending the outcome of the ongoing

4

criminal proceedings.[2]  Given that: the issues raised in Mr. Jason's civil action alleging federal civil rights violations are inextricably intertwined with the state criminal charges Mr. Jason is facing in state court with his pending criminal case (which thus far is proceeding to trial); Mr. Jason's constitutional right to silence in his criminal proceeding may be directly at odds with his due process right to a judicial determination of this civil action; there is no indication that any party will be burdened or prejudiced by a delay of this civil action; and the parties agree that a stay of this civil action is warranted, IT IS ORDERED: that the defendants' motion to stay is hereby GRANTED.  The case is hereby stayed and closed for statistical purposes, to be re-opened upon proper motion by the parties following the conclusion of the criminal proceedings that have been instituted against Mr. Jason.

New Orleans, Louisiana, October 1, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] Mr. Jason requests that the Court grant his pending motion to compel discovery before staying his civil action.  Because a stay is warranted, the Court declines to specially order the magistrate judge to consider his motion to compel.  If Mr. Jason reopens this case after the criminal charges are resolved, Mr. Jason may avail himself of the civil discovery process at that time.